UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21948-CIV-GRAHAM/TORRES

| | |
|---|---|
| FRANCISCO ROMERO, an individual, REINIER GUERRERO-FAIFE, an individual, CONRADO DIAZ, NELSON J. ROJAS, an individual, and RAMIRO RODRIGUEZ, an individual, and YOHANDY SERRANO, an individual, individually and on behalf of all others similarly situated, | : : : : : : : : |
| Plaintiffs, | : : |
| vs. | : : |
| FUELTECH OIL SERVICE CORP. a Florida corporation, and FLORIGAS, INC., a Florida corporation, | : : : : |
| Defendants. | : : |

# PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiffs, FRANCISCO ROMERO, REINIER GUERRERO-FAIFE, CONRADO DIAZ, NELSON J. ROJAS, and RAMIRO RODRIGUEZ, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56(c) and Local Rules 7.1 and 7.5, hereby file their Statement of Undisputed Facts and, in support thereof, state as follows:

1.      Plaintiffs were all employed as drivers for either or both Defendants at some point during the time period of December of 2006 and April of 2009. (Pl. Rojas' Resp. to Interrog. No. 15; Pl. Romero's Resp. to Interrog. No. 15; Pl. Guerrero's Resp. to Interrog. No. 15; Pl. Rodriguez' Resp. to Interrog. No. 15; Pl. Diaz' Resp. to Interrog. No. 15) (attached collectively

hereto as Exhibit "A").

2. All Plaintiffs were paid a weekly salary for forty hours worth of work. (Pl. Rojas' Resp. to Interrog. Nos. 11-12; Pl. Romero's Resp. to Interrog. Nos. 11-12; Pl. Guerrero's Resp. to Interrog. Nos. 11-12; Pl. Rodriguez' Resp. to Interrog. Nos. 11-12; Pl. Diaz' Resp. to Interrog. Nos. 11-12).

3. All Plaintiffs were required to work hours in excess of forty hours per week, for which they received no compensation. (Pl. Rojas' Resp. to Interrog. No. 15; Pl. Romero's Resp. to Interrog. No. 15; Pl. Guerrero's Resp. to Interrog. No. 15; Pl. Rodriguez' Resp. to Interrog. No. 15; Pl. Diaz' Resp. to Interrog. No. 15).

4. Defendant Fueltech is a wholesale distributor of diesel fuel and gasoline, which it purchases at Port Everglades on a daily, as-needed, basis from Transmontaigne Product Services. (Defs.' Stmt. ¶ 2).

5. Transmontaigne ships the fuel and gasoline in barges from several of its out of state refineries. (Defs.' Stmt. ¶ 2).

6. Upon arrival at the Port, the fuel is pumped into Transmontaigne's large storage tanks and then loaded by Fueltech into its own tanker trucks. (Defs.' Stmt. ¶ 2).

7. Fueltech then delivers the fuel locally to its own customers. (Defs.' Stmt. ¶ 2).

8. Defendant Florigas is a wholesale propane gas distributor. (Defs.' Stmt. ¶ 4).

9. The propane gas is purchased from Targa Liquids Marketing and Trade in Texas, delivered to Florida by Targa in barges, and then transported by Targa to Florigas' facility, where it is unloaded into Florigas' temporary storage tanks. (Defs.' Stmt. ¶ 4).

10. Florigas then delivers the gas to its own local customers. (Defs.' Stmt. ¶ 4).

11. All of Defendants' deliveries are located within Miami-Dade, Broward, Palm

Beach and Monroe Counties. (Defs.' Stmt. ¶ 18).

12.     There is nothing in the record to suggest, nor have Defendants asserted, that Defendants are subsidiaries of Transmontaigne or Targa.

13.     There is also nothing in the record which suggests that Defendants are for-hire motor carriers for Transmontaigne or Targa or that Defendants are otherwise engaged in the business of transporting fuel and petroleum products for any company other than themselves.

14.     Because Plaintiffs are not an exempt employees under the Motor Carrier Act as a matter of law, Plaintiffs are entitled to receive overtime compensation from either or both Defendants for every hour worked over forty hours per week.

15.     Plaintiff Romero estimates he is owed approximately $28,243.60 in unpaid overtime. (Pl. Romero's Resp. to Interrog. No. 15).

16.     Plaintiff Diaz estimates he is owed approximately $31,460.75 in unpaid overtime. (Pl. Diaz' Resp. to Interrog. No. 15).

17.     Plaintiff Guerrero-Faife estimates he is owed approximately $45,276.00 in unpaid overtime. (Pl. Guerrero-Faife's Resp. to Interrog. No. 15).

18.     Plaintiff Rojas estimates he is owed approximately $28,243.60 in unpaid overtime. (Pl. Rojas' Resp. to Interrog. No. 15).

19.     Plaintiff Rodriguez estimates he is owed approximately $24,578.40 in unpaid overtime. (Pl. Rodriguez' Resp. to Interrog. No. 15).

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY that on February 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 So. Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
e-mail:   *dpr@reinerslaw.com*

By: _____**/S/    DAVID P. REINER, II**_____
   **DAVID P. REINER, II**; Florida Bar No. 416400

## SERVICE LIST

(CASE NO. 09-21948-CIV-GRAHAM/TORRES)

*CM/ECF or E-mail*

**DAVID P. REINER, II, ESQ.**
REINER & REINER, P.A.
9100 South Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 6709-8989
E-mail:  *dpr@reinerslaw.com*
*(Counsel for Plaintiffs)*


**MICHAEL A. PANCIER, ESQ.**
LAW OFFICES OF MICHAEL A. PANCIER, P.A.
9000 Sheridan Street, Suite 96
Pembroke Pines, Florida   33024
Tel: (954) 862-2217; Fax: (954) 862-2287
E-mail:  *mpancier@pancierlaw.com*
*(Counsel for Defendants)*